UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

RIE AKASHI,
on behalf of herself and FLSA Collective Plaintiffs,

Docket No.:

                               Plaintiff,

**COLLECTIVE ACTION
COMPLAINT**

-against-

AZIX, INC. and CHIKAKO ICHIHARA,

                            Defendants.

-------------------------------------------------------------x

       Plaintiff, RIE AKASHI, on behalf of herself and others similarly situated, by and through her attorneys, MIRANDA SAMBURSKY SLONE SKLARIN VERVENIOTIS LLP, hereby files this Collective Action Complaint against defendants, AZIX, INC. and CHIKAKO ICHIHARA and states as follows:

## INTRODUCTION

    1.     Plaintiff alleges that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), she is entitled to recover from defendants: (1) unpaid overtime; (2) liquidated damages; and (3) attorneys' fees and costs.

    2.     Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL") she is entitled to recover from defendants: (1) unpaid overtime; (2) unpaid spread of hours premium; (3) statutory penalties; (4) liquidated damages; and (5) attorneys' fees and costs.

    *3.*     Plaintiff further alleges that, pursuant to the New York Executive Law § 296 *et. seq.* and the New York City Administrative Code § 8-101 *et. seq.*, she suffered a hostile work environment based upon her gender.

## JURISDICTION AND VENUE

4.　　This Court has jurisdiction over this controversy pursuant to 28 U.S.C. §§ 1331, 1337, and 1343.

5.　　This Court has pendent jurisdiction over all state law claims brought in this action pursuant to 28 U.S.C. § 1367.

6.　　The unlawful employment practices alleged below were committed within the State of New York, County of New York.  Accordingly, this action properly lies in the United States District Court for the Southern District of New York, pursuant to 28 U.S.C. § 1391.

7.　　This Court has the power to issue declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

8.　　Plaintiff, RIE AKASHI, is a resident of Bergen County, New Jersey.

9.　　At all times relevant to the Complaint, plaintiff was an "employee" within the meaning of Section 3(e) of the FLSA (29 U.S.C. § 203(e)) and Section 190(2) of the New York Labor Law (NY Lab. Law § 190(2)).

10.　　At all times relevant to the Complaint, plaintiff performed "activities for a business purpose" within the meaning of Section 3(r) of the FLSA (29 U.S.C. § 203(r)).

11.　　Upon information and belief, AZIX, INC. is a corporation organized and existing under the laws of the State of New York, doing business at 10 West 37th Street, 5th Floor, New York, New York.

12.　　At all times relevant to the Complaint, AZIX, INC. was an "employer" within the meaning of Section 3(d) of the FLSA (29 U.S.C. § 203(d)) and Section 190(3) of the New York Labor Law (NY Lab. Law § 190(3)).

13.    At all times relevant to the Complaint, CHIKAKO ICHIHARA was the CEO and President of AZIX, INC.

14.    At all times relevant to the Complaint, CHIKAKO ICHIHARA exercised control over the terms and conditions of plaintiff AKASHI and collective plaintiffs.

15.    At all times relevant to the Complaint, CHIKAKO ICHIHARA had the authority to (i) hire and fire; (ii) determine rate and method of pay; (iii) determine work schedules; and (iv) otherwise affect the quality of employment of plaintiff AKASHI and collective plaintiffs.

16.    At all times relevant to the Complaint, CHIKAKO ICHIHARA was an "employer" within the meaning of Section 3(d) of the FLSA (29 U.S.C. § 203(d)) and Section 190(3) of the New York Labor Law (NY Lab. Law § 190(3)).

17.    Upon information and belief, at all times relevant to the Complaint, defendants employed employees, including plaintiff RIE AKASHI, who regularly were and are engaged in commerce or in the production of goods for commerce or in handling, selling, or otherwise working on goods and materials which have moved in or been produced for commerce within the meaning of 29 U.S.C. § 203(b), (g), (i), and (j).

## FLSA COLLECTIVE ACTION ALLEGATIONS

18.    Plaintiff RIE AKASHI brings claims for relief as a collective action pursuant to Section 16(b) of the FLSA (29 U.S.C. § 216(b)), on behalf of all persons employed by defendants on or after the date that is three (3) years before the filing of the Complaint in this case as defined herein ("FLSA collective plaintiffs") and not paid proper overtime wages.

19.    At all times relevant to the Complaint, plaintiff RIE AKASHI and the other FLSA collective plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to defendants' decisions, policies,

plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them the proper overtime premium at the rate of one and one half times the regular rate for work in excess of forty (40) hours per workweek. The claims of plaintiff RIE AKASHI stated herein are essentially the same as those of the other FLSA collective plaintiffs. Specifically, plaintiff RIE AKASHI and FLSA collective plaintiffs claim that defendants willfully violated plaintiff RIE AKASHI and FLSA collective plaintiffs' rights by failing to pay their overtime wages in the lawful amount for hours worked.

20.     The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to Section 16(b) of the FLSA (29 U.S.C. § 216(b)). The FLSA collective plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, the names and addresses of the FLSA collective plaintiffs are readily available from defendants. Notice can be provided to the FLSA collective plaintiffs via first class mail to the last address known to defendants.

## STATEMENT OF FACTS

21.     Plaintiff repeats and realleges each and every allegation contained herein.

22.     In November 2011, plaintiff RIE AKASHI was hired by defendants to work in its creative department at their office located at 10 West 37th Street, 5th Floor, New York, NY 10018.

23.     Plaintiff RIE AKASHI is still employed by defendants as of the date of this Complaint.

24.     Plaintiff RIE AKASHI and collective plaintiffs' primary duties were clerical in nature.

25.     Plaintiff RIE AKASHI and collective plaintiffs regularly work in excess of forty (40) hours per week for defendants.

26.     Plaintiff RIE AKASHI and the collective plaintiffs were not paid for daily morning

meetings that they were required to attend pursuant to Defendants' unlawful employment policies.

27.     Plaintiff RIE AKASHI and collective plaintiffs' hours worked were recorded via a time clock for at least a portion of the time they worked for defendants.

28.     The time records concerning the number of hours worked by plaintiff RIE AKASHI and collective plaintiffs as well as the compensation received by these individuals are in the exclusive custody and control of defendants.

29.     At all times relevant to the Complaint, plaintiff AKASHI and collective plaintiffs were required to be paid overtime pay at the statutory rate of one and one half times the regular rate of pay for all hours worked in excess of forty (40) hours per week.

30.     Plaintiff Rie Akashi and her counsel complained to defendants about their unlawful failure to pay overtime.

31.     Defendants unlawfully failed to pay plaintiff RIE AKASHI and collective plaintiffs one and one half times their regular rate of pay for hours worked in excess of forty (40) hours per week.

32.     Plaintiff RIE AKASHI and collective plaintiffs' shifts regularly exceed ten (10) hours during a single workday for defendants.

33.     Defendants unlawfully failed to pay plaintiff RIE AKASHI and collective plaintiffs' spread of hours for every workday which spanned ten (10) or more hours.

34.     Plaintiff RIE AKASHI and collective plaintiffs' wage statements do not accurately reflect their hours worked for defendants.

35.     Defendants issued wage statements to plaintiff RIE AKASHI and collective plaintiffs on a monthly basis.

36.     Defendants failed to properly notify plaintiff RIE AKASHI and collective plaintiffs of

their hourly rate of pay and overtime rate of pay in direct violation of the FLSA and New York Labor Law.

37.     Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA and/or New York State overtime rate of one and one half times the regular rate of pay for all hours worked in excess of forty (40) hours per week to plaintiff RIE AKASHI and collective plaintiffs.

38.     Defendants knowingly and willfully operated their business with a policy of not paying the New York State "spread of hours" premium to plaintiff RIE AKASHI and collective plaintiffs.

39.     Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements as required under the New York Labor Law.

## STATEMENT OF CLAIMS

## COUNT I

## OVERTIME VIOLATION OF THE FLSA

40.     Plaintiff repeats and realleges each and every allegation contained herein.

41.     At all times relevant to the Complaint, defendant AZIX, INC. had gross annual revenues in excess of $500,000.

42.     Defendants employed plaintiff RIE AKASHI and collective plaintiffs for workweeks in excess of forty (40) hours and willfully failed to compensate plaintiff for time worked in excess of forty (40) hours per week as a rate of at least one and one half times the regular hourly rate, contrary to the requirements of Section 7 of the FLSA (29 U.S.C. § 207(a)(1)).

43.     Defendants had a policy and practice of refusing to pay overtime compensation at the statutory rate of one and one half times the regular rate to plaintiff RIE AKASHI and collective

plaintiffs for their hours worked in excess of forty (40) hours per week.

44.    Defendants failed to properly disclose or apprise plaintiff RIE AKASHI and collective plaintiffs of their rights under the FLSA.

45.    As a result of the willful underpayment of wages alleged above, plaintiff RIE AKASHI and collective plaintiffs have incurred damages and defendants are thereby indebted to plaintiff RIE AKASHI and collective plaintiffs for the accrued unpaid overtime compensation; liquidated damages; attorneys' fees; and costs, in an amount to be determined at trial.

## COUNT II

## OVERTIME VIOLATION OF THE NYLL

46.    Plaintiff repeats and realleges each and every allegation contained herein.

47.    Defendants employed plaintiff RIE AKASHI and collective plaintiffs for workweeks in excess of forty (40) hours and willfully failed to compensate them for time worked in excess of forty (40) hours per week as a rate of at least one and one half times the regular hourly rate, contrary to the requirements of the New York Labor Law.

48.    Defendants had a policy and practice of refusing to pay overtime compensation at the statutory rate of one and one half times the regular rate to plaintiff RIE AKASHI and collective plaintiffs for their hours worked in excess of forty (40) hours per week.

49.    As a result of the underpayment of wages alleged above, plaintiff RIE AKASHI and collective plaintiffs have incurred damages and defendants are thereby indebted to plaintiff RIE AKASHI and collective plaintiffs for the accrued unpaid overtime compensation; liquidated damages; attorneys' fees; and costs, in an amount to be determined at trial.

## COUNT III

## SPREAD OF HOURS VIOLATION OF THE NYLL

50.     Plaintiff repeats and realleges each and every allegation contained herein.

51.     Defendants employed plaintiff RIE AKASHI and collective plaintiffs for shifts in excess of ten (10) hours per day and willfully failed to compensate them for "spread of hours" premium, in violation of wage order of the New York Commissioner of Labor codified at N.Y. Comp. Codes R. & Regulations Title 12 § 142-2.4.

52.     Defendants had a policy and practice of refusing to pay "spread of hours" premiums to plaintiff RIE AKASHI and collective plaintiffs for each day they worked shifts spanning ten (10) hours or more, in violation of wage order of the New York Commissioner of Labor codified at N.Y. Comp. Codes R. & Regulations Title 12 § 142-2.4.

53.     Defendants' failure to pay plaintiff RIE AKASHI and collective plaintiffs an additional hour pay for each day their spread of hours exceeded ten (10) was willful within the meaning of N.Y. Lab. Law § 663.

54.     As a result of the underpayment of wages alleged above, plaintiff RIE AKASHI and collective plaintiffs have incurred damages and defendants are thereby indebted to plaintiff RIE AKASHI and collective plaintiffs for the accrued unpaid spread of hours compensation; liquidated damages; attorneys' fees; and costs, in an amount to be determined at trial.

## COUNT IV

## WAGE STATEMENT VIOLATION OF THE NYLL

55.     Plaintiff repeats and realleges each and every allegation contained herein.

56.     Defendants had a policy and practice of issuing wage statements on a monthly basis to plaintiff RIE AKASHI and collective plaintiffs.

57.     Defendants failed to provide plaintiff RIE AKASHI and collective plaintiffs with a wage statement at least semi-monthly in accordance with Section 191 of the New York Labor Law.

58.     Defendants failed to provide plaintiff RIE AKASHI and collective plaintiffs with a wage statement detailing the statutory requirements set forth in Section 195 of the New York Labor Law.

59.     As a result of defendants' failure to provide proper wage statements, plaintiff RIE AKASHI and collective plaintiffs have incurred damages and defendants are thereby indebted to plaintiff RIE AKASHI and collective plaintiffs for statutory damages; attorneys' fees; and costs, in an amount to be determined at trial.

## COUNT V

## HOSTILE WORK ENVIRONMENT - NYHRL

60.     Plaintiff repeats and realleges each and every allegation contained herein.

61.     Defendant CHIKAKO ICHIHARA repeatedly yells and curses at plaintiff AKASHI, degrading her in front of her co-workers, on account of her gender.

62.     Defendant AZIX, INC. is liable for the actions of its CEO and President, CHIKAKO ICHIHARA, pursuant to New York Executive Law § 296 *et seq.*

63.     As a result of defendant ICHIHARA's actions, plaintiff AKASHI has suffered emotional distress and defendants are thereby indebted to plaintiff RIE AKASHI for compensatory damages; punitive damages; attorneys' fees; and costs, in an amount to be determined at trial.

## COUNT VI

## HOSTILE WORK ENVIRONMENT - NYCHRL

64.     Plaintiff repeats and realleges each and every allegation contained herein.

65.     Defendant CHIKAKO ICHIHARA repeatedly yells and curses at plaintiff AKASHI,

degrading her in front of her co-workers, on account of her gender.

66.     Defendant AZIX, INC. is liable for the actions of its CEO and President, CHIKAKO ICHIHARA, pursuant to New York Administrative Code § 8-101 *et. seq.*

67.     As a result of defendant ICHIHARA's actions, plaintiff AKASHI has suffered emotional distress and defendants are thereby indebted to plaintiff RIE AKASHI for compensatory damages; punitive damages; and costs, in an amount to be determined at trial.

## JURY DEMAND

68.     Plaintiff RIE AKASHI and collective plaintiffs demand a trial by jury on all issues so triable as of right by jury, pursuant to F.R.C.P. 38(b).

## PRAYER FOR RELIEF

**WHEREFORE,** plaintiff RIE AKASHI, on behalf of herself and collective plaintiffs, respectfully requests that this Court grant the following relief:

a) A declaratory judgment that the defendants violated the Fair Labor Standards Act and the New York State Labor Law;

b) An injunction against defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c) An award of actual damages for uncompensated overtime wages as a "willful" violation plus interest, liquidated damages, attorneys' fees and costs, in an amount to be determined at trial;

d) An award of actual damages for uncompensated overtime wages plus interest, liquidated damages, attorneys' fees and costs, in an amount to be determined at trial;

e) An award of actual damages for an additional hour of work for each day the spread of hours exceeded ten (1) hours plus interest, liquidated damages, attorneys' fees and costs, in an

amount to be determined at trial;

f)   An award of statutory damages for defendants' failure to issue proper wage statements;

g)   An award of prejudgment and postjudgment interest, costs, and expenses of this action together with reasonable attorneys' fees, expert fees, and statutory penalties;

h)   Designation of this action as a collective action, pursuant to Section 16(b) of the FLSA;

i)   Designation of plaintiff RIE AKASHI as a representative of the collective plaintiffs;

j)   An award of compensatory damages; punitive damages; attorneys' fees and costs for plaintiff AKASHI's emotional distress; and

k)   Such other and further relief as may be just and proper.

Dated:   Mineola, New York
            December 18, 2012

MIRANDA SAMBURSKY SLONE
SKLARIN VERVENIOTIS LLP
Attorneys for Plaintiff
RIE AKASHI,
on behalf of herself
and FLSA Collective Plaintiffs

Michael A. Miranda (MAM-6413)
Kelly C. Spina (KS-0455)
The Esposito Building
240 Mineola Boulevard
Mineola, New York 11501
(516) 741-7676
Our File No.: 12-250

TO:
AZIX, INC.
10 West 37th Street, 5th Floor
New York, NY 10018

CHIKAKO ICHIHARA
10 West 37th Street, 5th Floor
New York, NY 10018